## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**TIMOTHY TYRONE GRIFFIN,**
              **Plaintiff,**

**vs.**                                        **Case No. 3:07cv56/LAC/MD**

**OFFICER N.D. HAIRE, et al.,**
              **Defendants.**

_____

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1).  He has also filed a motion to proceed *in forma pauperis*.  (Doc. 5).  For the limited purpose of dismissal of this complaint, leave to proceed *in forma pauperis* will be granted.

Plaintiff is currently incarcerated at Florida State Prison.  His claim concerns the conditions of his confinement while incarcerated at Santa Rosa Correctional Institution, specifically, an alleged assault or use of excessive force by Correctional Officer Haire.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  Upon review of the complaint, the undersigned concludes this case should be dismissed as malicious.

On page five of the civil rights complaint form, Section IV(A) and (B), Previous Lawsuits, plaintiff is asked whether he has initiated other actions in state or federal

court dealing with the same or similar facts/issues involved in the present action. If so, he is directed to identify and describe these suits.  (Doc. 1, p. 5).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), plaintiff marked "Yes," and identified one federal case he filed in the United States District Court for the Middle District of Florida:  *Griffin v. Department of Corrections*, Case Number 3:06cv638.  That case was filed on July 12, 2006, and dismissed as frivolous on July 17, 2006.  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "No." (Doc. 1, p. 5).  On page six of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No."  (Doc. 1, p. 6).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff left this section blank.  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing is true and correct." (*Id.*, p. 8).  Although plaintiff's signature is not dated, the envelope in which the complaint arrived indicates that it was mailed from plaintiff's correctional institution on January 30, 2007.  Also contained in that envelope was an affidavit of indigency bearing a stamp indicating that plaintiff provided the documents to prison officials for mailing on January 26, 2007.  (*See* Doc. 2).  Thus, plaintiff has in effect stated that as of January 26, 2007, he had initiated no other lawsuits in federal court that related to the conditions of his confinement.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior

lawsuits may affect the court's jurisdiction.  Further, in the light of 28 U.S.C. § 1915(g)[1], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[2]

Upon review of the file the Clerk has advised, and this court may take judicial notice, that plaintiff previously initiated at least one other civil action in federal court that related to the conditions of his confinement.  On January 19, 2007 plaintiff filed in this court a civil rights complaint against prison officials concerning the loss of personal property while confined at Santa Rosa Correctional Institution.  *See Flowers v. McDonough*, Case Number 3:07cv28/LAC/EMT.[3]  Plaintiff did not disclose this case in the instant complaint, even though it was filed some 10-16 days prior to the instant complaint.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to a question on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all

---

[1] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief  may be granted."  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

[3] This case may be positively identified as having been filed by plaintiff because it bears his Florida Department of Corrections' DC number, 799409.  Although unsigned, the complaint bears a stamp indicating that it was provided to prison officials for mailing on January 10, 2007.

prior actions was required.[4]   If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.   Therefore, this court should not allow plaintiff's false response to go unpunished.   The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 5) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.   That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 8th day of March, 2007.



MILES DAVIS
UNITED STATES MAGISTRATE JUDGE



NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[4] The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 1, p. 5) (emphasis in original).